UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. BOUNDS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | NO. 2:15-cv-00171-SAB<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** |

    Before the Court is Defendant United States Postal Service's Partial Motion to Dismiss. ECF No. 11. Plaintiff brings suit against United States Postal Service ("USPS") alleging that he purchased insurance for a package that he entered into the mail stream. Plaintiff claims USPS lost the package and denied his valid insurance claim for the loss. Plaintiff's pro se complaint does not specify the legal theories under which he believes he is entitled to relief, however, the complaint indicates it is primarily concerned with USPS's responsibility for the denied insurance claim. The complaint also states that USPS was responsible for the care of the package which could indicate Plaintiff is pursuing a tort claim as well.

    USPS filed this partial motion to dismiss seeking to dismiss any tort claims against it as barred by sovereign immunity and the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2680(b). Plaintiff failed to respond to the partial motion to dismiss. Under Local Rule 7.1, this failure to respond may be deemed as consent to the grant of Defendant's motion. The Court is cognizant of Plaintiff's

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** # 1

pro se status and will review the merits of USPS's motion despite Plaintiff's failure to respond.

## MOTION STANDARD

A motion to dismiss for lack of subject-matter jurisdiction is governed by Fed. Rule. Civ. P. 12(b)(1). In deciding a motion to dismiss for lack of jurisdiction, "a district court may 'hear evidence regarding jurisdiction' and 'resolve factual disputes where necessary." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). The Court need not presume the truthfulness of Plaintiff's allegations and once jurisdiction is challenged, Plaintiff has the burden of proving its existence. *Robinson*, 586 F.3d at 685.

## ANALYSIS

USPS argues that, to the extent Plaintiff's complaint can be construed as a tort claim, this Court lacks subject-matter jurisdiction because the United States and USPS have sovereign immunity. The United States is immune from a suit for damages except for where it has consented to such suit. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (describing sovereign immunity). The FTCA is a waiver of sovereign immunity that covers many suits and provides the exclusive remedy in tort actions against the United States. 28 U.S.C. §§ 1346(b) *et seq*. As a federal agency, the FTCA also provides the exclusive remedy in tort actions against the USPS. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). The FTCA, however, explicitly omits "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter" from the types of claims the United States consents to. 28 U.S.C. § 2680(b). Accordingly, the USPS and the United States retain sovereign immunity in tort suits regarding lost or negligently handled mail.

It is unclear from Plaintiff's complaint if he is seeking damages under a contract theory, a tort theory, or both. This Court understands his complaint to be

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** # 2

primarily a contract claim arising from the insurance he allegedly purchased from USPS. To the extent that Plaintiff may also be seeking tort damages, it is clear this Court lacks subject-matter jurisdiction due to sovereign immunity. Accordingly, USPS's partial motion to dismiss Plaintiff's tort claims is granted. Plaintiff's contract theory claims, arising from any insurance contract, the Domestic Mail Manual, or other sources remain intact.

Accordingly, **IT IS ORDERED:**

1. Defendant's Partial Motion to Dismiss, ECF No. 11, is **GRANTED**.
2. To the extent Plaintiff's claims sound in tort theory, they are dismissed for lack of subject-matter jurisdiction, all other theories of recovery remain.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, enter judgment, and provide copies to counsel and Plaintiff.

**DATED** this 29th day of January 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** # 3